## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**    ) )| |
|      **Plaintiff,**    ) ) | Case No.  14-199 Erie |
| **v.**    ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| **ERIE STRAYER COMPANY,**    ) ) | |
| **and**    ) ) | |
| **INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, SHOPMEN'S LOCAL UNION NO. 468**    ) ) ) ) ) | |
|      **Defendants.**    ) ) | |

NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to seek relief on behalf of Charging Party Thomas L. Young and other, similarly-situated employees, who was adversely affected by such practices.  Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendant Erie Strayer Company unlawfully subjected Charging Party Young and a class of other, similarly-situated employees to a policy and practice of unlawful medical inquiries and adverse employment actions resulting from such inquiries; coercion, intimidation, threats, and interference with the exercise and enjoyment of their rights protected by the ADA; and retaliation for refusal to comply with Defendant Erie Strayer Company's policy and practice of unlawful medical inquiries of its employees.  Defendant

International Association of Bridge Structural, Ornamental and Reinforcing Iron Workers, Shopmen's Local Union No. 468 is joined solely as a Rule 19(a) required party.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.    Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.    At all relevant times, Defendant Erie Strayer Company has continuously been a corporation doing business within the State of Pennsylvania and City of Erie and has employed at least 15 employees.

5.    At all relevant times, Defendant Erie Strayer Company has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5) and (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e-(g) and (h).

2

6.     At all relevant times, Defendant Erie Strayer Company has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     Defendant International Association of Bridge Structural, Ornamental and Reinforcing Iron Workers, Shopmen's Local Union No. 468 ("Local No. 468"), is a covered entity and labor organization within the meaning of 42 U.S.C. §§ 12111(2) and 12111(7). Defendant Local No. 468 is a party to a labor agreement with Defendant Erie Strayer Company, and the policy and practice at issue in this action is authorized by an agreement between the Defendants.  Defendant Local No. 468 is therefore joined as a required party pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

<u>CONDITIONS PRECEDENT</u>

8.     More than thirty days prior to the institution of this lawsuit, Thomas L. Young ("Charging Party Young"), filed a charge of discrimination with the Commission alleging that Defendant Erie Strayer Company violated the ADA.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect Defendant Erie Strayer Company's voluntary compliance with the ADA through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. §2000e-5(b), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

<u>STATEMENT OF CLAIMS</u>

10.     Since at least 2004 and continuing to present, Defendant Erie Strayer Company has unlawfully subjected Charging Party Young and a class of other employees to an ongoing

policy and practice of disability-related inquiries, retaliation for protected opposition to unlawful employment practices, and coercion, intimidation, threats, and interference with the exercise and enjoyment of rights protected by the ADA.

11.     Since at least 2004 and continuing to present, Defendant Erie Strayer Company has maintained an on-going policy and practice of requiring that all employees who are absent from work for any period of time for any illness or medical reason must execute an "Authorization For Disclosure of Health Information" authorizing the Defendant Erie Strayer Company to obtain from the employees' health care provider a certification that states, among other things, the "nature of illness or injury" and "physical limitations, if any." Defendant Erie Strayer Company's policy and practice of requiring the Authorization For Disclosure of Health Information applies to all employee illness or other medical absences regardless of employees' circumstances. Defendant Erie Strayer Company's policy and practice further threatens to impose, and does impose, progressive disciplinary action for absenteeism, up to and including discharge, if an employee fails to provide the aforementioned Authorization or if their health care provider fails to provide the required medical information, such as the nature of the illness or injury and description of physical limitations.

12.     Defendant Erie Strayer Company created the aforementioned policy of obtaining medical releases from absent employees, in-part, for the express purpose of identifying whether those employees are disabled within the meaning of the ADA.

13.     Prior to requiring employees to execute the "Authorization For Disclosure of Health Information," Defendant Erie Strayer Company maintained a policy and practice of contacting health care providers directly, without an authorization from the employee, in order to obtain details about the medical condition in question and resulting limitations.

4

14.     In furtherance and as part of the aforementioned policy and practice of requiring employees to disclose the nature of their illnesses or injuries and description of their physical limitations for any absence, as well as the policy and practice of threatening to impose or imposing progressive disciplinary action upon employees who refuse to execute the "Authorization For Disclosure of Health Information," or who refuse to permit subsequent disclosure of confidential medical information by their health care provider, or whose health care providers fail to provide the information, Defendant Erie Strayer Company has subjected a class of aggrieved employees who experienced illness or injury-related absences to discrimination in violation of Sections 102(a), 102(d)(1), and 102(d)(4)(A) of the ADA, 42 U.S.C. §§ 12112(a), (d)(1) & (d)(4)(A); retaliation for protected opposition to unlawful employment practices in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a); and coercion, intimidation, threats, and interference with the exercise and enjoyment of rights protected by the ADA in violation of Section 503(b) of the ADA, 42 U.S.C. § 12203(b).

15.     At all relevant times, Charging Party Young was employed by Defendant Erie Strayer Company as a welder.

16.     On or about February 13, 2012, Charging Party Young was absent from work due to illness.

17.     On or about February 14, 2012, Charging Party Young returned to work with a doctor's note verifying a medical need for his absence from work from February 13, 2012, to February 14, 2012.

18.     On or about February 14, 2012, Charging Party Young signed and submitted Defendant Erie Strayer Company's "Authorization For Disclosure of Health Information" for the

limited purpose of verifying that his absence on February 13, 2012, was due to a medical appointment.

19.     Defendant Erie Strayer Company, acting through Plant Supervisor Andy Calahan, informed Charging Party Young that Defendant Erie Strayer Company's policy required his doctor to certify medical information responsive to all the questions listed on the Authorization For Disclosure of Health Information form, including the nature of his illness or injury and physical limitations, or the absence would be unexcused.

20.     Charging Party Young objected to releasing confidential medical information required by Defendant Erie Strayer Company's Authorization For Disclosure of Health Information form.

21.     Charging Party Young refused to release confidential medical information sought by Defendant Erie Strayer Company through its Authorization For Disclosure of Health Information form.

22.     Defendant Erie Strayer Company refused to excuse Charging Party Young's absence on February 13, 2012 because he objected to and refused to release confidential medical information, including the nature of his illness or injury and physical limitations, as explicitly requested in Defendant Erie Strayer Company's Authorization for Disclosure of Health Information form.

23.     On or about February 22, 2012, Defendant Erie Strayer Company refused to excuse Charging Party Young's absence and subjected him to progressive disciplinary action because Charging Party Young refused to authorize Defendant Erie Strayer Company to obtain from his health care provider confidential medical information concerning his illness or injury and any physical limitations.

24.     As a result of the aforementioned actions, Defendant Erie Strayer Company subjected Charging Party Young to discrimination in violation of Sections 102(a), 102(d)(1), and 102(d)(4)(A) of the ADA, 42 U.S.C. §§ 12112(a), (d)(1) & (d)(4)(A); retaliation for protected opposition to unlawful employment practices in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a); and coercion, intimidation, threats, and interference with the exercise and enjoyment of rights protected by the ADA in violation of Section 503(b) of the ADA, 42 U.S.C. § 12203(b).

25.     As a result of the aforementioned actions, Defendant Erie Strayer Company subjected a class of aggrieved persons to discrimination in violation of Sections 102(a), 102(d)(1), and 102(d)(4)(A) of the ADA, 42 U.S.C. §§ 12112(a), (d)(1) & (d)(4)(A); retaliation for protected opposition to unlawful employment practices in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a); and coercion, intimidation, threats, and interference with the exercise and enjoyment of rights protected by the ADA in violation of Section 503(b) of the ADA, 42 U.S.C. § 12203(b).

26.     The effect of the practices complained of as described in paragraphs 10 through 25, above, have been to deprive Charging Party Young and a class of other aggrieved current and former employees of equal employment opportunities.

27.     The unlawful employment practices complained of in paragraphs 10 through 25, above, were intentional.

28.     The unlawful employment practices complained of above in paragraphs 10 through 25, above, were done with malice or with reckless indifference to the federally protected rights of Charging Party Young and a class of other aggrieved current and former employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Erie Strayer Company, its officers, successors, assigns and all persons in active concert or participation with them, from implementing or enforcing Defendant Erie Strayer Company's policy of requesting and requiring all employees absent for any duration to disclose or authorize disclosure of the nature of their illnesses or injuries and any physical limitations, and further enjoins them from engaging in any other employment policy or practice that discriminates on the basis of disability; retaliates because of protected opposition to unlawful employment practices; or constitutes coercion, intimidation, threats, and interference with the exercise and enjoyment of rights protected by the ADA;

B.     Order Defendants Erie Strayer Company and Local No. 468 to amend any current labor relations agreements between them governing absences for illness or injury to conform to the requirements of the ADA, including but not limited to eliminating the requirement that all employees absent for any duration must disclose or authorize disclosure of the nature of their illnesses or injuries and any physical limitations, and to notify employees and members of the bargaining unit of the amendment;

C.     Order Defendant Erie Strayer Company to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that describes the injunction and the policy/practice that has been enjoined, sets forth the specific remedial actions required by the Court, and informs all employees that it will not discriminate against any employee; retaliate against any employee because of protected opposition to

8

unlawful employment practices; or coerce, intimidate, threaten, or interfere with any employee in their enjoyment of rights conferred by the ADA in violation of the ADA, including that it will comply with all aspects of the ADA;

D.      Order Defendant Erie Strayer Company to make whole a class of aggrieved current or former employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to expunging any progressive discipline that was imposed in violation of the ADA and reinstatement or front pay in lieu thereof;

E.      Order Defendant Erie Strayer Company to make whole Charging Party and a class of other aggrieved current or former employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

F.      Order Defendant Erie Strayer Company to make whole Charging Party and a class of other aggrieved current or former employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, embarrassment, frustration, and humiliation in amounts to be determined at trial;

G.      Order Defendant Erie Strayer Company to pay Charging Party and a class of other aggrieved current or former employees punitive damages for its malicious conduct and reckless indifference to their federally protected right to be free from discrimination; retaliation; and coercion, intimidation, threats, and interference with the exercise and enjoyment of rights protected by the ADA;

9

H.      Grant such further relief as the Court deems necessary and proper; and

I.      Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney
EEOC-Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2734
Facsimile number: (410) 962-4270
debra.lawrence@eeoc.gov

KATE NORTHRUP
Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2722
Facsimile number: (410) 962-4270
kate.northrup@eeoc.gov

10

/s/ Jeffrey A. Stern
JEFFREY A. STERN
(Ohio Bar No. 0020107)
Senior Trial Attorney

EEOC-Cleveland Field Office
AJC Federal Building
1240 East Ninth St., Ste. 3001
Cleveland, OH 44199
(216) 522-7458
(216) 522-7430 (fax)
jeffrey.stern@eeoc.gov