IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 14-199 ERIE |
| ERIE STRAYER COMPANY and INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, SHOPMEN'S LOCAL UNION NO. 468, Defendants | ) ) ) ) ) ) ) ) | ELECTRONICALLY FILED |

## <u>CONSENT ORDER</u>

Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, by its EEOC attorneys, and defendant ERIE STRAYER COMPANY, by its attorneys, MacDonald, Illig, Jones & Britton LLP, file this Consent Order to resolve all claims in this civil action:

WHEREAS, on July 21, 2014, U.S. Equal Employment Opportunity Commission ("EEOC") filed a civil action against Erie Strayer Company ("ESC") and International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Shopmen's Local Union No. 468 ("Local Union No. 468"), named solely as a Rule 19 party defendant, at Civil Action No. 14-199 Erie in the United States District Court for the Western District of Pennsylvania ("Federal Court Lawsuit"), presenting certain claims under the Americans With Disabilities Act of 1990, as amended ("ADA"), arising from EEOC Charge No. 846-2012-32087 filed by charging party Thomas L. Young ("Young"); and

WHEREAS, ESC states that since August 2013, ESC has not used the Authorization Form entitled, "Authorization for Disclosure of Health Information," which is referenced in the Complaint filed by EEOC in the Federal Court Lawsuit, or otherwise sought the information in Items 4 and 5 of that Authorization Form from its employees or their physicians or other health care providers in connection with employees' medical absences; and

WHEREAS, ESC has denied any violation of the ADA and any liability to EEOC with respect to the claims in the Federal Court Lawsuit; and

WHEREAS, Local Union No. 468 will be bound by this Consent Order, having filed no Answer to the Complaint and having notified the Court on January 13, 2015, that it chose to accept default judgment against it; and

WHEREAS, EEOC and ESC have agreed to resolve all claims in the Federal Court Lawsuit upon the terms set forth below, effective upon the date on which the Court files of record its approval of this Consent Order:

NOW, THEREFORE, EEOC and ESC respectfully request the Court to enter an Order incorporating the agreed provisions set forth herein:

I.   Effect of Consent Order

1.    No Admission by ESC of Violation or Liability.  EEOC understands and agrees that this Consent Order is not an adjudication or finding on the merits of the Federal Court Lawsuit and that ESC is not admitting any violation of the ADA or any other statute administered by EEOC.

2.    Limited Admissibility of Consent Order.  Nothing in this Consent Order shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Order.

3.     <u>Full and Final Resolution of All Claims in Federal Court Lawsuit</u>.  EEOC and ESC agree that this Consent Order shall fully and finally resolve all claims filed by EEOC against ESC and Local Union No. 468 in the Federal Court Lawsuit arising from EEOC Charge No. 846-2012-32087.

4.     <u>EEOC's Ability to Process, Investigate, and/or Litigate Other Charges</u>.  EEOC and ESC agree that nothing in this Consent Order shall affect EEOC's ability and/or authority to process, investigate, and/or litigate any Charge of Discrimination other than EEOC Charge No. 846-2012-32087 referenced in Paragraph 3 above.

II.    <u>Medical or Disability-Related Inquiries and Authorization Forms</u>

5.     <u>No Unlawful Medical or Disability-Related Inquiries</u>.  ESC will not make any unlawful medical or disability-related inquiries of its employees and/or their physicians or other health care providers and, more specifically, ESC will not require its employees and/or their physicians or other health care providers to disclose the "nature of illness of injury" and/or "physical limitations" of the employee to obtain an "excused" medical absence, or make the disclosure of such information a condition of obtaining an "excused" medical absence.  EEOC and ESC understand and agree that ESC is not in violation of this Paragraph 5 if an employee or the employee's physician or other health care provider discloses medical information that ESC has not requested or required or made a condition of obtaining an "excused" absence.

6.     <u>Content of Future Medical Authorization or Release Form</u>.  If ESC later decides to use a medical authorization or release form for its employees to obtain "excused" medical absences, ESC will affirmatively advise the employees and their physicians or other health care providers from whom ESC seeks authorization and/or disclosure, either on the face of any medical

authorization or release form or in writing simultaneously when seeking information related to an employee request for an "excused" absence, that:

> Erie Strayer Company's request for information does not authorize the release of any medical records, information about the employee's limitations if any, or any information regarding the nature of the employee's illness or injury. You are directed not to provide such medical records and/or information to the employer in response to this Authorization.

7.      ESC Right to Comply With Federal and State Law. The provisions in Paragraphs 5 and 6 above shall not apply if ESC is required or authorized by federal or state statute or regulation to request and/or obtain information about an employee's illness or injury and/or information about an employee's physical limitations.

III.      New ESC Attendance Policy

8.      Implementation of New Attendance Policy.

a.      ESC implemented, effective April 1, 2015, a new ESC Attendance Policy that superseded and replaced the former ESC Tardy/Absentee Program in its entirety and subsequently updated the ESC Attendance Policy, effective June 16, 2015 ("Updated ESC Attendance Policy"). EEOC and ESC stipulate that as of the effective date of this Consent Order, the Updated ESC Attendance Policy, as written, does not violate the provisions of the Consent Order. This Stipulation is subject to the provisions of Paragraphs 2 and 4 above.

b.      The Updated ESC Attendance Policy does not include the use of the Authorization Form entitled, "Authorization for Disclosure of Health Information" which is referenced in the Complaint filed by EEOC in the Federal Court Lawsuit.

c.      The updated ESC Attendance Policy states that ESC does not want to obtain, receive, or review any hospital records, any information regarding the nature of an employee's illness or injury, or any information regarding the employee's physical limitations, if

any, when an employee submits a written doctor's excuse to obtain an "excused" absence or when an employee calls off to report an absence for "medical" reasons, and the policy further directs ESC employees not to provide any such records or information to ESC.  EEOC and ESC stipulate that ESC's mere possession of such records or information that an employee and/or his or her physician or other health care provider has provided to ESC contrary to ESC's directive is insufficient to constitute a violation of this Consent Order, and such possession does not create the inference that ESC made an impermissible request for medical information.

d.      If not previously provided to EEOC, within forty-five (45) calendar days after the Court files of record its approval of this Consent Order, ESC shall provide EEOC with a copy of the Updated ESC Attendance Policy.

e.      ESC has the right to amend the Updated ESC Attendance Policy, from time to time, consistent with the provisions of this Consent Order and applicable federal, state, and local laws.

9.      <u>Dissemination of Information Regarding Updated ESC Attendance Policy</u>.

a.      ESC has disseminated to its current employees (and will disseminate to new employees as they are hired) the Updated ESC Attendance Policy which, <u>inter alia</u>, includes an explanation of the procedure for employees to obtain excused absences consistent with the provisions of this Consent Order:

(1)      by posting the Updated ESC Attendance Policy on the Employee Bulletin Board; and

(2)      by distributing hard copies of the Updated ESC Attendance Policy to all current employees, to new employees as they are hired, and to Local Union No. 468 and/or any other union representing ESC's employees.

b.      Within forty-five (45) calendar days after the Court files of record its approval of this Consent Order, ESC shall confirm to EEOC that the Updated ESC Attendance

Policy was posted and distributed in hard copy form to existing ESC employees and to Local Union No. 468 in accordance with Paragraph 9.a above.

      10.    Orientation Regarding Updated ESC Attendance Policy.

        a.    Within ninety (90) calendar days after the Court files of record its approval of this Consent Order, ESC shall conduct an orientation session for those management, supervisory, and/or clerical employees who administer the Updated ESC Attendance Policy that will address the provisions of this Consent Order that relate to the Updated ESC Attendance Policy and ESC's legal obligations under the ADA with respect to tardy/absentee policies including, but not limited to, when and how to obtain information or records from an employee or an employee's physician or other health care provider.

        b.    The orientation session shall be conducted, in person, in a manner that permits the attendees to interact with the person presenting the orientation.

        c.    The orientation session shall be conducted by a third-party who will be selected by ESC and approved in advance by EEOC.

        d.    No later than thirty (30) calendar days before the orientation session, ESC will provide EEOC with the date, time, and place of the intended orientation session, will identify to EEOC the person who will be conducting the orientation session, and will send to EEOC copies of all pamphlets, brochures, outlines, and/or other written materials, if any, that ESC intends to distribute to the attendees.

        e.    In the event that EEOC objects to the date, time, and/or place of the orientation session and/or to the written materials, if any, to be distributed to the attendees, EEOC will advise ESC, in writing, of its objections and the reasons for those objections no later than fourteen (14) calendar days before the scheduled orientation session.

f.   In the event that EEOC objects to the date, time, and/or place of the orientation session, the person who will conduct the orientation session, and/or to the written materials, if any, to be distributed to the attendees, ESC and EEOC will make a good faith effort to resolve EEOC's objections to the satisfaction of both EEOC and ESC.

g.   All ESC employees who attend the orientation session shall sign an attendance roster, and that roster of attendees shall be retained by ESC for the duration of this Consent Order.

h.   No later than fourteen (14) calendar days after the orientation session is held, ESC shall confirm, in writing, to EEOC the date, time, and place of the orientation session and the identity of the person who conducted the orientation session and also shall provide EEOC with a copy of the attendance roster and copies of the written materials, if any, that were distributed to the attendees.

IV.   Reporting Provisions

11.   ESC Reporting of "Unexcused" Absences.

a.   If ESC treats a medical absence as "unexcused" based in whole or in part on medical information that was, or was not, provided by an employee or the employee's physician or other health care provider, ESC shall provide the following information to EEOC on a summary spreadsheet within fourteen (14) calendar days after the close of each calendar month:

(1)   name of employee;

(2)   date of unexcused absence(s); and

(3)   reason why absence was deemed "unexcused".

b.   Upon the written request of EEOC, ESC shall provide to EEOC the following information regarding any "unexcused" absence identified in the monthly spreadsheet:

(1)     the complete contact information of the employee including his/her home address and telephone number and work schedule;

(2)     a copy of any medical authorization or other release that the employee signed or a copy of any medical authorization or other release that the employee refused to sign;

(3)     a written statement by a representative of ESC describing the action taken by ESC and the reasons for that action; and

(4)     all documents reflecting any communication regarding the unexcused medical absence, the information sought and/or received by ESC, and any purported deficiencies in the information received that were authored by or sent to: ESC; Local Union No. 468 and/or any other union representing ESC's employees; the employee's physician or other health care provider; and/or the employee.

12.     <u>ESC Reporting of Paragraph 7 Exceptions</u>

a.     If ESC believes that ESC is authorized by federal or state statute or regulation to request information about an employee's illness or injury and/or information about an employee's physical limitations as set forth in Paragraph 7 above and if ESC has requested such information pursuant to such an exception, ESC shall provide the following information to EEOC on a summary spreadsheet within fourteen (14) calendar days after the close of each calendar month:

(1)     name of employee;

(2)     date information requested by ESC; and

(3)     federal or state statute or regulation authorizing ESC to request the information.

b.     Upon the written request of EEOC, ESC shall provide to EEOC the following information regarding any Paragraph 7 exception identified in the monthly spreadsheet:

(1)     the complete contact information of the employee including his/her home address and telephone number and work schedule;

- 8 -

(2)    a copy of any medical authorization or other release that the employee signed or a copy of any medical authorization or other release that the employee refused to sign;

(3)    a written statement by a representative of ESC describing the action taken by ESC and the reasons for that action; and

(4)    all documents reflecting any communication regarding the information requested by ESC that were authored by or sent to: ESC; Local Union No. 468 and/or any other union representing ESC's employees; the employee's physician or other health care provider; and/or the employee.

c.    EEOC understands and agrees that consistent with Paragraph 7 above, ESC has the right to request information about an employee's illness or injury and/or information about an employee's physical limitations as required or authorized by federal or state statute or regulation.

13.    <u>Duration of Reporting Requirements</u>.  The reporting requirements in Paragraphs 11 and 12 above shall apply only during the first two years of the duration of this Consent Order.

V.    <u>Limitation on Collective Bargaining Between ESC and Local Union No. 468</u>

14.    <u>No Unlawful Collective Bargaining</u>.  ESC and Local Union No. 468 will not collectively bargain to contractually allow ESC to make any unlawful medical or disability-related inquiries of its employees and/or their physicians or other health care providers.

VI.    <u>Posting of Notice to Employees</u>

15.    <u>Posting of Notice</u>.

a.    Within fourteen (14) calendar days after the Court files of record its approval of this Consent Order, ESC shall post a Notice in the form attached hereto as Exhibit A on the Company Notice Board that is used by ESC for communicating with its employees, which Notice shall remain posted for the duration of this Consent Order.

b.      Within fourteen (14) calendar days after posting the Notice, ESC shall provide a copy of the Notice, along with the date and location(s) of its posting(s), to EEOC.

c.      ESC shall take all reasonable steps to ensure that the Notice, as posted, is not altered, defaced, or covered by any other material and should any posted Notice become defaced, removed, marred, or otherwise illegible, ESC shall replace such Notice as soon as practicable.

VII.    Monetary Relief and Expungement of Certain Employment Records

16.     Monetary Payment by ESC.

a.      Within fourteen (14) calendar days after the Court files of record its approval of this Consent Order, ESC shall pay charging party Young the total amount of Fifteen Thousand Dollars ($15,000.00), which amount shall constitute payment for alleged compensatory damages only, by hand-delivery of a check payable to Young in that gross amount without any federal, state, and/or local withholdings.

b.      The payment set forth in Paragraph 16.a. above shall fully and finally resolve all claims in the Complaint filed by EEOC against ESC and Local Union No. 468 in the Federal Court Lawsuit arising from EEOC Charge No. 846-2012-32087.

c.      ESC shall issue to Young a Form 1099 for Tax Year 2015 with respect to the payment set forth in Paragraph 16.a. above, which Form 1099 shall be sent, via First-Class U.S. Mail, to Young's last known address.

d.      Young shall be solely responsible for all of his federal, state, and local tax obligations related to the settlement payment set forth in Paragraph 16.a above.

e.     Within fourteen (14) calendar days after delivering the settlement check to Young, ESC shall provide EEOC with a photocopy of the settlement check along with written confirmation of the date and manner by which the settlement check was delivered to Young.

17.     Expungement of Certain Records in ESC Employment Files

a.     Within thirty (30) calendar days after the Court files of record its approval of this Consent Order, ESC shall expunge from the personnel files and other employment records of present and former ESC employees (including, but not limited to, charging party Young) any and all records of "unexcused" absences, "steps," warnings, or other disciplinary action taken or issued regarding any employee during the period from July 22, 2011, to the effective date of this Consent Order, which records were based, in part or in whole, on:

(1)     the refusal of an employee to sign an Authorization Form, release, or other related form; or

(2)     the failure of an employee's physician or other health care provider to provide ESC with information requested by a signed Authorization Form, release, or other related form.

b.     Within forty-five (45) calendar days after the Court files of record its approval of this Consent Order, ESC shall provide EEOC with written confirmation that the ESC personnel files and other employment records have been expunged in accordance with Paragraph 17.a. above

VIII.     Miscellaneous Provisions

18.     Effective Date and Duration of Consent Order.

a.     The terms of this Consent Order shall become effective on the date on which the Court files of record its approval of the Consent Order in the Federal Court Lawsuit.

b.     The duration of this Consent Order shall be three (3) years from its effective date.

19.     <u>Expenses, Costs, and Attorneys' Fees</u>.  EEOC, ESC, and Local Union No. 468 each shall bear their own attorneys' fees, expenses, and costs.

20.     <u>Captions</u>.  The captions used in this Consent Order are for convenience only and shall not be construed as limiting, or otherwise affecting, the provisions of this Consent Order.

21.     <u>Recipients of Notices and Submissions</u>.

a.      All notices and submissions that ESC is required to provide to EEOC pursuant to this Consent Order shall be sent to the following EEOC representative (or to his designated successor) by First-Class U.S. Mail, Federal Express, hand-delivery, or electronic mail:

> Jeffrey A. Stern, Senior Trial Attorney
> U.S. Equal Employment Opportunity Commission
> EEOC, Cleveland Field Office
> AJC Federal Building
> 1240 East Ninth Street, Suite 3001
> Cleveland, OH 44199
> jeffrey.stern@eeoc.gov

b.      All notices and submissions that EEOC is required to provide to ESC pursuant to this Consent Order shall be sent to the following ESC representative (or to his designated successor) by First Class U.S. Mail, Federal Express, hand-delivery, or electronic mail:

> Roger H. Taft, Esq.
> MacDonald, Illig, Jones & Britton LLP
> 100 State Street, Suite 700
> Erie, PA  16507
> rtaft@mijb.com

22.     <u>Binding Effect</u>.  This Consent Order shall be binding upon EEOC, ESC, Local Union No. 468, and their respective successors and assignees.

23.     <u>Court Enforcement of Consent Order</u>.  This Court has jurisdiction over the parties and the subject matter of this action and shall retain jurisdiction over the Federal Court Lawsuit for the sole purpose of enforcing the terms of this Consent Order during the period of its duration.

24.    <u>Dismissal of Federal Court Lawsuit</u>.  This civil action shall be dismissed, with prejudice, upon the Court filing of record its approval of this Consent Order, subject to the Court retaining jurisdiction for the sole purpose of enforcing its terms of the Consent Order in accordance with Paragraph 23 above.

WHEREFORE, plaintiff U.S. Equal Employment Opportunity Commission and defendant Erie Strayer Company respectfully request this Honorable Court to approve the terms of this Consent Order, to dismiss the Federal Court Lawsuit, and to retain jurisdiction for the sole purpose of enforcing the terms of the Consent Order during the period of its duration.

[Remainder of Page is Blank/Signature Page Follows]

Respectfully submitted,

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


_____ s/ Kate Northrup _____ (6/16/15)___
Kate Northrup
Supervisory Trial Attorney
EEOC, Baltimore Field Office

JEFFREY A. STERN
Senior Trial Attorney
EEOC, Cleveland Field Office
AJC Federal Building
1240 East Ninth St., Ste. 3001
Cleveland, OH 44199
(216) 522-7458
(216) 522-7430 (fax)

Attorneys for Plaintiff U.S. EEOC


_____ s/ Roger H. Taft _____ (6/16/15)___
Roger H. Taft, Esq.
PA Bar No. 19983
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7603
(814) 454-4647 (facsimile)
rtaft@mijb.com

Attorneys for Defendant Erie Strayer Company



**IT IS SO ORDERED:**


Dated: _____   _____
                             Nora Barry Fischer
                             United States District Judge

## **NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a Consent Order dated _____, 2015, filed in a lawsuit captioned, U.S. Equal Employment Opportunity Commission v. Erie Strayer Company, et al. at Civil Action No. 14-199 Erie in the United States District Court for the Western District of Pennsylvania.

In the lawsuit, EEOC alleged, in part, that Erie Strayer Company violated the Americans with Disabilities Act of 1990, as amended ("ADA"), by making illegal disability-related or medical inquiries of its employees including using an Authorization form to ask employees and/or their physicians or other health care providers to disclose the employees' "nature of illness or injury" and/or "physical limitations" to obtain an excused medical absence.  In that lawsuit, Erie Strayer Company denied any violation of the ADA with respect to its use of the Authorization form and contested EEOC's claims.  By agreeing to the terms of the Consent Order, ESC did not admit any violation of the ADA.

Erie Strayer Company implemented a new Attendance Policy, effective April 1, 2015, and updated effective June 16, 2015, that does not require an employee to sign an Authorization form or provide medical or disability-related information unless otherwise allowed by federal, state or local law.  The Attendance Policy has been posted on the Employee Bulletin Board, and copies have been provided to all employees.  You may obtain additional copies by contacting Harold Lilly, Secretary/Treasurer of Erie Strayer Company.

A copy of this Notice will be posted in a conspicuous place where employee notices are ordinarily placed and will be replaced by Erie Strayer Company if it becomes defaced, marred, or otherwise made unreadable.

Date Posted:  _____, 2015

Exhibit A